# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Vincent Freeman, II,

            Plaintiff(s),

vs.

LVMPD et al.,

            Defendant(s).

2:23-cv-01139-CDS-MDC

**Order**

Pro se plaintiff, Vincent Freeman, applied to proceed *in forma pauperis* (IFP). ECF No. 1. Plaintiff's application was granted and was ordered to pay the initial partial filing fee. ECF No. 3. Since plaintiff paid the fee (ECF No. 6), the Court now screens his complaint (ECF No. 1-1).

Plaintiff also filed two *Motions for Appointment of Counsel*. ECF Nos. 4 and 8. Plaintiff's *Motion for Appointment of Counsel* (ECF No. 4) is superseded by *Motion for Appointment of Counsel* (ECF No. 8) and is DENIED as moot. Plaintiff's second *Motion for Appointment of Counsel* (ECF No. 8) is DENIED WITHOUT PREJUDICE.

**I.**    **Screening**

     **a. Legal Standard**

Upon granting a request to proceed *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)*. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

**b. Complaint**

Plaintiff who is in the custody of High Desert State Prison ("HDSP"), filed his civil complaint and named as defendants: Las Vegas Metropolitan Police Department ("LVMPD"), Officer Cuevas, Officer Scheeler, Officer Paulo, and an unknown sergeant. ECF No. 1-1.

The Court construes plaintiff's complaint as asserting claims for damages under 42 U.S.C. § 1983[1] for violations of – and conspiracy to violate his Fourth and Fourteenth Amendment rights. ECF No. 1-1.

---

[1] Although Mr. Freeman did not indicate on the cover of his complaint that the action was pursuant to 42 U.S.C. § 1983, the alleged violations and demands gives the Court reason to believe Mr. Freeman is proceeding under § 1983. In addition, the Court finds that since Mr. Freeman has neither expressly asserted federal question jurisdiction nor are federal agents involved, neither § 1331 nor *Bivens* applies.

Specifically, plaintiff alleges: (1) illegal search and seizure under the Fourth Amendment, (2) excessive force under the Fourth Amendment, and (3) Cruel and Unusual Punishment under the Fourteenth Amendment. *Id*. Plaintiff seeks: (1) punitive damages, (2) actual damages and (3) nominal damages. *Id.*

### i. Fourth Amendment: Illegal Search and Seizure

Although Mr. Freeman does not explicitly challenge his conviction, the Court liberally construes his claims and allegations to challenge his conviction. Mr. Freeman alleges a Fourth Amendment violation, specifically "illegal search and seizure" (ECF No. 1-1 at 3) which lead to his conviction and confinement. Mr. Freeman asserts that the officers had neither a warrant nor probable cause to search the vehicle. *Id.* The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Alcaraz-Gonzalez v. Benvin*, 2023 U.S. Dist. LEXIS 63122, at 8 (D. Nev. April 11, 2023) (citing *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted)). However, since Mr. Freeman was convicted, as evidenced by his incarceration, the *Heck* doctrine requires that the case be dismissed. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a Section 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck,* 512 U.S. at 487).

Because Mr. Freeman is still incarcerated and has not shown that his conviction has been invalidated, he cannot bring a Fourth Amendment unlawful search claim under § 1983. *See Szajer v. City of Los Angeles,* 632 F.3d 607, 611–12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search

claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of a pistol). A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles v. Grounds*, 830 F.3d 922, 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, Mr. Freeman's "illegal search and seizure" claim, cannot be brought in this present case.

### ii. Fourth Amendment: Excessive Force

Mr. Freeman also brings an excessive force claim under the Fourth Amendment. ECF No. 1-1 at 4. Where the § 1983 action would not necessarily imply the invalidity of the conviction or sentence, it may proceed. *See Heck*, 512 U.S. at 482–83; *see also Reese v. Cnty of Sacramento*, 888 F.3d 1030, 1045–46 (9th Cir. 2018) (concluding § 1983 claim alleging excessive force did not necessarily imply the invalidity of the conviction). However, this does not mean all excessive forms claims are allowed to proceed under § 1983. *Compare Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (holding that Heck did not bar plaintiff's excessive force claim because even though plaintiff had been convicted of assaulting his arresting officers, the officers' alleged excessive force took place after he had been arrested, and thus did not necessarily invalidate his conviction), *with Cunningham v. Gates*, 312 F.3d 1148, 1154–55 (9th Cir. 2002) (holding that Heck barred plaintiff's excessive force claim because the jury, in convicting plaintiff of felony-murder, necessarily found that he had intentionally provoked the deadly police response, and therefore a finding of excessive force on the part of the police would have

invalidated his conviction). Mr. Freeman's challenge to his conviction and confinement does not arise from the alleged excessive force, but rather the "illegal search and seizure." ECF No. 1-1. Mr. Freeman is not necessarily asserting that the excessive force lead to his conviction, but rather that the officers' actions was an "immediate threat of physical harm" that caused him to fear that they would shoot him. *Id*. Due to the excessive force claim, the Court liberally construes Mr. Freeman is asserting that the officer's actions were unreasonable under the circumstances. Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Alcaraz-Gonzalez v. Benvin*, 2023 U.S. Dist. LEXIS 63122, at 6 (D. Nev. April 11, 20230) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989))*; see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). This analysis "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). Although Mr. Freeman does not allege physical injuries, the Court has "recognized that 'the pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury." *Hopson v. Alexander*, 71 F.4th 692, 703 (9th Cir. 2023) (citing *Tekle v. United States*, 511 F.3d 839, 845 (9th Cir. 2007). However, it is noted that "gun-pointing is permitted when an officer reasonably believes force is necessary to protect his own safety or the safety of the public." *Id.* (citing *Alexander v. Cnty. Of Los Angeles,* 64 F.3d 1315, 1320 (9th Cir. 1995)). The issue at hand, then, is whether the officers' actions were reasonable under the circumstances. Because Mr. Freeman has alleged a colorable Fourth Amendment violation, his excessive force claim is allowed to proceed.

### iii. Fourteenth Amendment: Cruel and Unusual Punishment

Mr. Freeman also asserts a cruel and unusual punishment claim under the Fourteenth Amendment. "Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the

Fourteenth Amendment." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016); see also *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees"). However, Mr. Freeman has not alleged any facts in support of this claim. He has neither specified that he was detained at the time of the alleged violation, nor has he specified the conditions and/or actions that constituted the violation. Thus, Mr. Freeman's cruel and unusual punishment claim under the Fourteenth Amendment Due Process Clause is dismissed without prejudice and with leave to amend.

## II. Motion for Appointment of Counsel (ECF No. 4)

Mr. Freeman's *Motion for Appointment of Counsel* (ECF No. 4) is superseded by his second *Motion for Appointment of Counsel* (ECF No. 8). The Court DENIES *Motion for Appointment of Counsel* (ECF No. 4) as moot.

## III. Motion for Appointment of Counsel (ECF No. 8)

Mr. Freeman filed a *Motion for Appointment of Counsel*. ECF No. 8  A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, *supra*, 789 F.2d at 1331. Here, the Court does not find such

exceptional circumstances at this time. Thus, the Court denies Mr. Freeman's *Motion for Appointment of Counsel* (ECF No. 8) without prejudice.

ACCORDINGLY,

**IT IS ORDERED** that the Clerk of the Court file the Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff can proceed with his Fourth Amendment excessive force claim.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment cruel and unusual punishment is DISMISSED WITHOUT PREJUDICE and with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, he must file the amended complaint within 60 days of the filing of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT FURTHER IS ORDERED** that Plaintiff's *Motion to Appoint Counsel* (ECF No. 4) is DENIED AS MOOT.

**IT FURTHER IS ORDERED** that Plaintiff's *Motion to Appoint Counsel* (ECF No. 8) is DENIED.

//

//

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 8th day of February 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge