UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Vincent Freeman, II, <br><br> Plaintiff <br><br> v. <br><br> LVMPD, et al., <br><br> Defendants | Case No. 2:23-cv-01139-CDS-MDC <br><br> **Order Sustaining in Part and Overruling in Part Plaintiff's Objection to the Magistrate Judge's Order** <br><br> [ECF Nos. 10, 12, 13] |

Plaintiff Vincent Freeman appeals Magistrate Judge Maximiliano D. Couvillier, III's February 8, 2024, order dismissing his Fourth Amendment unlawful search claim and denying his request for appointment of counsel. Obj., ECF No. 12. In a response to the order, and in the objection, Freeman argues that Judge Couvillier erred in assuming that his incarceration was due to a conviction in the underlying criminal case which led to his civil-rights claims. ECF No. 11; ECF No. 12. Freeman also objects to Judge Couvillier's denial of his request for counsel. ECF No. 12 at 2. After reviewing the complaint, Judge Couvillier's order, and Freeman's objection, I sustain in part and overrule in part Freeman's objection. The magistrate judge's order is set aside in part as set forth herein.

I.   **Standard of review**

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," and a district judge may reconsider any pretrial matter decided by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The magistrate judge's ruling at-issue is an order on a pretrial matter, not a recommendation. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b).

The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party objects to the magistrate judge's order, the district court must review or reconsider the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a).; *see also Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (holding that a magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to law'"). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 950 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Gresham v. Corr. Med. Servs. Inc.*, 2010 WL 3385355, at *3 (W.D. Mich. Aug. 25, 2010).

I. Discussion

    **A. I set aside the order regarding Freeman's Fourth Amendment unlawful search claim.**

The magistrate judge's order dismisses Freeman's Fourth Amendment "illegal search and seizure" claim pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). ECF No. 10 at 3–5. In *Heck*, the Supreme Court held that a plaintiff who was convicted of a crime is barred from bringing civil rights claims if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck*, 512 U.S. at 487. However, the Court added that "if the district court determines that the plaintiff's action even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original).

In his complaint, Freeman brings an unlawful search and seizure claim under the Fourth Amendment. ECF No. 1-1 at 3. The complaint alleges that officers searched his vehicle without a warrant, consent, or any probable cause. *Id.* This allegation is accompanied by Freeman's statement that "[d]ue to the same facts[,] a motion to suppress was not only filed but concluded

the case proceedings." *Id.* However, the order states that "since Mr. Freeman was convicted, as evidenced by his incarceration, the *Heck* doctrine requires that the case be dismissed." ECF No. 10 at 3. Freeman objects to the dismissal of this claim because a "motion to suppress was successful [and] the case was dismissed" therefore he was never convicted. ECF No. 12 at 1–2.

Mindful of my obligation to liberally construe a pro se party's pleadings, I construe Freeman's request that I "reflect on official records for Case No. 21-cr-054829 for clarification" as asking me to take judicial notice of the criminal case. ECF No. 11. *See Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) ("The obligation to construe pro se filings liberally means courts must frequently look to the contents of a pro se filing rather than its form."). A court can take judicial notice of material that is referenced extensively or relied upon by the complaint, as well as matters in the public record. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (courts may take judicial notice of documents on file in federal or state courts). As the disposition of the criminal case forms the basis of Freeman's objection and is a public record, I take judicial notice of: (1) *State of Nevada vs. Freeman, Vincent*, Case No. 21-CR-054829[1]; and (2) *State of Nevada vs Vincent Freeman*, Case No. C-22-370202-1. The public docket of criminal case number C-22-370202-1 reveals that a motion to suppress was filed, and the case was dismissed on November 17, 2023.[2] I therefore find that section I(b)(i) of Judge Couvillier's order dismissing Freeman's Fourth Amendment unlawful search and seizure claim was clearly erroneous as it should not have been dismissed under the *Heck* doctrine. I thus sustain the objection and set aside that portion of the order. The magistrate

---

[1] Las Vegas Justice Court, *State of Nevada vs. Freeman*, Vincent, Case No. 21-CR-054829. Bifurcated Charges Bound over to District Court on December 13, 2022. https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=13668001 (last accessed on September 9, 2024).

[2] Freeman contends that the motion to suppress was successful. That is unclear from the public record. This court takes judicial notice of the docket reflecting that the case was dismissed so there is no criminal conviction resulting from the case. Eighth Judicial District Court, *State of Nevada vs Vincent Freeman*, Case No. C-22-370202-1. Details (clarkcountycourts.us) (last accessed on September 9, 2024).

judge is directed to rescreen the original complaint under 28 U.S.C. § 1915(e) and issue an amended screening order in the normal course.

### B. I affirm the order regarding the motion for appointment of counsel.

Freeman objects to the denial of his motion for appointment of counsel. ECF No. 12 at 2. Specifically, Judge Couvillier did not find exceptional circumstances which warranted the appointment of counsel. ECF No. 10 at 6–7. However, Freeman argues that he was granted *pauperis* status due to not having the means nor access to litigate this case. ECF No. 12 at 2. He therefore reasons that "one's request for appointment of counsel sounds and seems more relevant as well as pertinent…" *Id.*

Here, Freeman does not argue that any specific mistake was made. He simply disagrees with Judge Couvillier's finding. A litigant does not have a constitutional right to appointed counsel in § 1983 civil-right actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Although under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," the court may appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Based on my review, Judge Couvillier correctly determined that exceptional circumstances in this case do not exist at this time. The Ninth Circuit has long noted that counsel should be appointed "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Freeman has demonstrated the ability to articulate his claims; and the issues raised are not so complex that he will be unable to navigate them without the appointment of counsel. For that reason, I do not find the magistrate judge's denial of Freeman's motion for appointment of counsel clearly erroneous or contrary to law. I therefore overrule Freeman's objection and affirm section III of Judge Couvillier's order.

II.       Conclusion

It is ordered that Freeman's appeal of Judge Couvillier's February 8, 2024, order **[ECF No. 12] is sustained in part and overruled in part**. Section I(b)(i) of the order is set aside. The magistrate judge is directed to rescreen the original complaint under 28 U.S.C. § 1915(e) and issue an amended screening order accordingly.

In light of this order, and for clarity of the record, Freeman's first amended complaint **[ECF No. 13] is stricken**. The original complaint stands as the operative complaint pending issuance of the amended screening order.

Dated: September 9, 2024

_____
Cristina D. Silva
United States District Judge