**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vincent Freeman, II,<br><br>                    Plaintiff,<br><br>vs.<br><br>LVMPD, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-01139-CDS-MDC<br><br>**ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 30) NUNC PRO TUNC AND DENYING MOTION TO STRIKE (ECF NO. 32)** |

Pending before the Court are *pro se* prisoner plaintiff's *Motion to Extend Time* ("Extend Motion") (ECF No. 30) to file an amended complaint and defendant's *Motion to Strike* ("Strike Motion") (ECF No. 32) plaintiff's First Amended Complaint (ECF No. 29). The Court **GRANTS** plaintiff's Extend Motion *nunc pro tunc* and **DENIES** defendant's Strike Motion for the reasons below.

I.      **PROCEDURAL BACKGROUND**

Plaintiff brings civil rights claims against defendant pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of the events of his arrest by defendants. The Court screened his complaint and allowed his Fourth Amendment claims for unlawful search and seizure, excessive force and harassment to proceed. *ECF No. 16*. On July 11, 2025, the Court then issued a scheduling order. *ECF No. 28*. The scheduling order states that the deadline to amend pleadings and add parties was October 9, 2025. *Id*.

On October 23, 2025, plaintiff filed the Extend Motion seeking an extension of time to file an Amended Complaint that added Sergeant Gibson ("Gibson") as a defendant, along with two other defendants unrelated to defendant LVMPD. *ECF Nos. 29*, *30*. Plaintiff filed his First Amended Complaint on that same day. *ECF No. 29*. Defendants opposed the Extend Motion and separately filed a Strike Motion seeking to strike the Amended Complaint. *ECF No. 31*, *32*. Plaintiff filed two filings

1

that were labeled on the docket as replies supporting his Extend Motion. *ECF Nos 33*, *36*.[1] The Court liberally construes plaintiff's filing at ECF No. 33 to be his reply in support of his Extend Motion, and his filing at ECF No. 36 as his opposition to defendant's Oppose Motion. Defendant also filed a reply supporting his Strike Motion. *ECF No. 35*.

## II.    ANALYSIS

### A.    General Legal Standards

Federal Rule of Civil Procedure ("Federal Rule") 16(b)(4) governs the modification of scheduling orders and discovery plans. Federal Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Furthermore, under LR 26-3 a request made within 21 days of the subject deadline must be supported by a showing of good cause and plaintiff must show excusable neglect when a request for extend is made after the deadline passed. LR 26-3. In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted). The Court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020).

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Moreover, "Rule

---

[1] Given plaintiff's circumstances and arguments he made regarding the difficulty in getting access to the prison library, the Court accepts both filings as timely.

12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Avants v. Prospect Mortg., LLC*, 987 F. Supp. 2d 1218, 1221 (D.N.M. 2013) (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009)).

**B.      Plaintiff's Extend Motion**

The Court finds good cause to grant plaintiff's Extend Motion. Plaintiff notes that it has been difficult for him to review discovery produced in this case and to properly file an amended complaint because the law library at High Desert State Prison ("High Desert") is short staffed. *See ECF No. 30* at 2. He also notes that there is a high demand for use of the law library amongst the prisoners at High Desert. *Id.* Plaintiff also notes in his Reply that he was only able to review the discovery that defendant produced by "late September [2025]." *ECF No. 33* at 2. Defendants argue that plaintiff was aware of the Gibson and the other proposed defendants well before the deadline to amend his pleadings.

Defendants claim that plaintiff should have been aware of Gibson's identity because a witness identified Gibson by name in a December 2022 preliminary hearing during plaintiff's state court criminal proceedings. *ECF No. 31* at 5-6. They also note that they sent their initial disclosure that contained the identity of Gibson back on April 10, 2025. *Id.* at 6. However, defendants give no showing or evidence that plaintiff would have had access to discovery they sent in April 2025 immediately or soon after they sent it and the Court finds none. The Court is satisfied and persuaded by plaintiff's argument that he was not able to properly review pertinent discovery produced by defendants until late September 2025.

Prisoners at High Desert often must request and/or kite to review discovery materials. *See e.g.*, *Israel v. Neven*, 2:14-cv-1384-GMN-VCF, 2014 WL 4675211, at *1 n.1 (D. Nev. September 18, 2014).  Thus, plaintiff's statement that he was unable to review discovery until late September 2025 is plausible. Moreover, defendant's do not provide any refuting evidence. There is also no evidence that

plaintiff had access to the transcript of the December 2022 preliminary hearing or could remember Gibson's name or any names mentioned in a December 2022 hearing when he was drafting the First Amended Complaint in 2025. Plaintiff has shown sufficient diligence in obtaining and reviewing the discovery that defendants produced and then drafting and filing an amended complaint by October 23, 2025.

Furthermore, defendants also do not dispute plaintiff's argument that he faced significant delays in being able to access the law library. The Ninth Circuit has held that district courts should not insist upon "strict time limits" when "restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

The Court also finds that plaintiff has shown excusable neglect to grant the Motion. Defendants also make no specific showing of what prejudice they would suffer from plaintiff being 14 days late in filing the First Amended Complaint, and the Court finds none. Indeed, defendants in this case asked for an extension of time to file their answer to plaintiff's original complaint because of a "inadvertent calendar error" 5 days after their deadline to do so expired, which the Court granted *nunc pro tunc*. *ECF Nos. 24*, *25*. Plaintiff was also delayed in being able to file his amended complaint because of difficulties in being able to timely review discovery and access the law library. *ECF No. 30* at 2. The Court finds that plaintiff now seeks this extension in good faith, 14 days after the deadline to amend his pleadings due to such difficulties. *See Eldridge*, 832 F.2d at 1136; *Centeno v. Daniels*, No. 2:22-cv-01606-BNW, 2024 WL 4132728, at *2 (finding that a 60-day delay in a case "(30 days for discovery, 30 days for filing dispositive motions)") supported a finding of excusable neglect and would have a limited impact on proceedings). Under the factors courts must consider in evaluating if a party has shown excusable neglect, the Court finds that plaintiff has made such a showing. *Bateman*, 231 F.3d at 1223-24.

Because plaintiff has shown both good cause and excusable neglect, the Court grants plaintiff's Extend Motion *nunc pro tunc* and finds that plaintiff's First Amended Complaint was timely filed.

### C.       Defendant's Strike Motion

Because the Court grants the Extend Motion and finds that plaintiff's First Amended Complaint was timely filed, defendants' Strike Motion is denied. Plaintiff's First Amended Complaint is not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Nor would striking the complaint "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Avants*, 987 F. Supp. 2d at 1221 (citing *Hayne*, 263 F.R.D. at 648-49).

## III.     CONCLUSION

Plaintiff's Extend Motion is granted, and defendants' Strike Motion is denied. Plaintiff's First Amended Complaint is deemed timely.

ACCORDINGLY,

**IT IS ORDERED that:**

1.      Plaintiff's *Motion to Extend Time* (ECF No. 30) is **GRANTED**. Plaintiff's First Amended Complaint is deemed timely.

2.      Defendant's *Motion to Strike* (ECF No. 32) is **DENIED**.

DATED: February 9, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.